1  ROBERT S. GIANELLI, #82116
   JOSHUA S. DAVIS, #193187
2  ADRIAN J. BARRIO, #219266
   GIANELLI & MORRIS, A Law Corporation
3  550 South Hope Street, Suite 1645
   Los Angeles, CA 90071
4  Tel: (213) 489-1600; Fax: (213) 489-1611
   rob.gianelli@gmlawyers.com
5  joshua.davis@gmlawyers.com
   adrian.barrio@gmlawyers.com
6
7  Attorneys for Plaintiff Mark Rataj

8  MARTIN E. ROSEN, #108998
   MISTY A. MURRAY, #196870
9  HINSHAW & CULBERTSON LLP
   633 West 5th Street, 47th Floor
10 Los Angeles, CA 90071-2043
   Tel: 213-680-2800; Fax: 213-614-7399
11 mrosen@mail.hinshawlaw.com
   mmurray@mail.hinshawlaw.com
12
13 Attorneys for Defendant Massachusetts Mutual Life Ins. Co.

UNITED STATES DISTIRCT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MARK RATAJ, | ) CASE NO.: 2:16-cv-02974-GW-JEMx) |
|---|---|
| Plaintiff, | ) |
| v. | ) [PROPOSED] PROTECTIVE ORDER |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY; STANDARD INSURANCE COMPANY, | ) |
| Defendants. | ) |

Subject to the approval of this Court, Plaintiff Mark Rataj ("Plainitff") and Defendant Massachusetts Mutual Life Insurance Company ("MassMutual") stipulate as follows:

1. Purposes and Limitations

Discovery in this action is likely to involve production of confidential, proprietary, trade secret and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to (1) protected health information as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") 45 C.F.R. 160.103 and (2) confidential, proprietary and trade secret materials relating to MassMutual's business practices, strategies or other confidential information or (3) other items identified by the parties that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 9, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rules 79-5, 79-6, and 79-7 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. Good Cause Statement

This action is likely to involve production of personal health information and other valuable confidential, trade secret and/or proprietary business information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted; or information otherwise generally unavailable to the public or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case

1 decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

    3.    A document constitutes or contains "Confidential Material" when it has been given that designation by the party producing it or by the party to whom the information relates ("the Designating Party"). A party or nonparty may designate documents or information as "Confidential Material" as follows:

    a.    In the case of documents and information contained in documents, designation must be made by placing the following legend on each page of the document before production: **"CONTAINS CONFIDENTIAL MATERIAL, SUBJECT TO PROTECTIVE ORDER."**

    b.    In the case of discovery responses and information contained in discovery responses, designation must be made by (i) placing a statement at the start or end of the responses specifying that the responses, or part of the responses, are designated Confidential Material, and (ii) placing the following legend on each page (including the caption page) of any discovery response containing designated Confidential Material: **"CONTAINS CONFIDENTIAL MATERIAL, SUBJECT TO PROTECTIVE ORDER."**

    c.    In the case of depositions and hearings, designation of the portions of the transcript (including exhibits) that contain Confidential Material

must be made by the Designating Party by: (i) making a statement to that effect on the record in the course of the deposition or hearing; or (ii) sending a letter to all counsel within the time permitted for the review and signing of the deposition by the witness (in the event of a deposition) or within 45 days of receipt of the transcript of the hearing (in the event of a hearing). Once designated, the original and each copy of the transcript that contains Confidential Material must bear (or must be modified by counsel to bear) the following legend on its cover: **"CONTAINS CONFIDENTIAL MATERIAL, SUBJECT TO PROTECTIVE ORDER."**

4. For purposes of this Order, "Confidential Material" includes the following types of documents and information:

    a. information that is proprietary or constitutes a trade secret, including, without limitation, information, materials, and other documents reflecting non-public business or financial strategies and confidential competitive information that, if disclosed, could result in prejudice or harm to the disclosing party; and

    b. protected health information as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. 160.103.

4.1 Any copies or reproductions, excerpts, summaries, or other documents or media that contain or incorporate Confidential Material as defined above will also be treated as Confidential Material under this Order.

4.2 Nothing in this Order will be construed as requiring Defendant to produce any personal or identifying information regarding any individual or any other policyholder, nor policyholder information that is protected from disclosure under applicable state or federal law.

5. Confidential Material may be used solely for the purpose of conducting this litigation and not for any other purpose whatsoever. For the

///

purpose of conducting this litigation, Confidential Material may be used by, copied by, exhibited to, or disclosed to the following persons or entities only:

    a.    The parties to this action;

    b.    The parties' attorneys and their respective employees;

    c.    Any witness from whom testimony is taken or will be taken in this action, except that the witness may be shown copies of Confidential Material only during his or her testimony and in preparation for the testimony, and only to the extent relevant to the testimony. The witness may not retain any Confidential Material;

    d.    Consultants, experts, and investigators employed by the parties or their attorneys in the prosecution or defense of any aspect of this litigation;

    e.    Court reporters used in connection with this action and their employees;

    f.    The Court and its staff; and

    g.    The jury, if any, in the trial of this case.

6. No disclosure may be made to any person under Paragraphs 2(c), (d) or (e) until that person has executed an "Understanding and Agreement" in the form attached as Exhibit A. With respect to consultants, experts, and investigators employed by the parties to this litigation, Exhibit A must be fully executed by the consultant, expert, or investigator and retained by counsel for the party employing the consultant, expert, or investigator.

7. All persons described in paragraphs 2(a) through (g) above are prohibited from disclosing any portion of Confidential Material to any other person, or from using any information obtained from the Confidential Material, except as permitted by this stipulation.

8. Nothing in this stipulation prevents the use of information that is publicly available.

///

9. Any motion papers, briefs, memoranda, affidavits, declaration, exhibits, transcripts, or other papers filed with the Clerk of the Court that contain any Confidential Material must comply with the procedures for filing documents under seal set forth in Local Rules 79-5, 79-6, and 79-7.

10. If any party or nonparty bound by this stipulation intends to disclose, discuss, or otherwise refer to any Confidential Material in open court at any hearing or trial, that person must notify the Court, the Designating Party, and all other parties to this action of its intention to do so, and must not disclose, discuss, or otherwise refer to the Confidential Material until permitted by the Court.

11. A party's inadvertent failure to designate disclosed materials as Confidential Material does not waive its right to do so and may be remedied by prompt written notice upon discovery of the error, in which case the material in question will be subject to the protections of this Order.

12. Notwithstanding anything to the contrary in this stipulation, any party may use the following documents or information without restriction, regardless of whether they have been designated as Confidential Material:

    a. its own documents or information;

    b. documents or information concerning or reflecting transactions or communications to which it is a party; and

    c. documents or information developed or obtained independently of discovery in this action.

13. This stipulation applies with equal force to any and all copies, extracts, compilations, summaries, and oral recitation of Confidential Material.

14. Within sixty days of final termination of this action, or sooner if so ordered by this Court, counsel for the party receiving any Confidential Material must transmit all Confidential Material (including all copies) to counsel for the Designating Party.

///

15. A party is not obligated to challenge the propriety of a confidentiality designation at the time it is made. Failure to do so does not preclude a subsequent challenge to the designation. In the event that counsel for a party receiving documents, testimony or information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific documents, testimony or information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written designation Objections to either (a) agree in writing to de-designate documents, testimony or information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any and all designations on documents, testimony or information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the documents, testimony or information at issue in such Motion shall remain in place.

The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such documents, testimony or information shall be de-designated in accordance with the Designation Objection applicable to such material.

16. Any dispute concerning the application of this Order will be heard by the Court upon motion by any party.

17. If any Party has obtained Confidential Material under the terms of this Order and receives a request to produce such Confidential Material by subpoena or other compulsory process commanding the production of such Confidential Material, the Party must promptly (within 3 business days) notify the Designating

1 | Party, including in such notice the date set for the production of such subpoenaed
2 | information and, unless prohibited by applicable law, enclosing a copy of the
3 | subpoena or other form of process.

4 |     18.    The parties agree that this stipulation binds them regardless of
5 | whether the Order is signed by the Court, unless the Court enters a different
6 | protective order in place of this stipulation.

DATED: August 19, 2016                GIANELLI & MORRIS

By:   /s/ Adrian J. Barrio
       ROBERT S. GIANELLI
       JOSHUA S. DAVIS
       ADRIAN J. BARRIO
       Attorneys for Plaintiff
       Mark Rataj

DATED: August 19, 2016                HINSHAW & CULBERTSON LLP

By:   /s/ Misty A. Murray
       MARTIN E. ROSEN
       MISTY A. MURRAY
       Attorneys for Defendant
       Massachusetts Mutual Life Ins. Co.

*Filer's Attestation: Pursuant to Local Rule 5-4.3.4(a)(2)(i) regarding signatures, Adrian J. Barrio hereby attests that concurrence in the filing of this document and its content has been obtained by all signatories listed.*

## [PROPOSED] ORDER

Good cause appearing, the Court approves this Stipulation and Protective Order.

IT IS SO ORDERED.

Dated: 8/30/2016

By: /s/ John E. McDermott
United States Magistrate Judge

# EXHIBIT A

## UNDERSTANDING AND AGREEMENT

I affirm that I have read the stipulated protective order in *Mark Rataj v. Massachusetts Mutual Life Insurance Company, et al.*, Case No. 2:16-cv-02974-GW-JEMx). I understand its terms and agree to be bound by them.

Signature: _____

Print Name: _____

Date: _____